IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| N.N.S.J., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-43-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| MERRICK GARLAND, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## ORDER AND RECOMMENDATION

Pending before the Court is Petitioner's application for habeas relief (ECF No. 1), and Respondents' second motion to dismiss (ECF No. 18).[1] On August 5, 2025, Respondents notified the Court that Petitioner had been removed from the United States. Resp'ts' Status Report 1, ECF No. 15. Respondents, however, failed to file documentation to support the assertion that Petitioner had been removed. *Id.* Consequently, the Court directed Respondents to supplement the record with evidence supporting their status report. Text-Only Order, Aug. 7, 2025, ECF No. 17.

Respondents responded by filing their second motion to dismiss with a sworn declaration by Deportation Officer Michael Bush. Resp'ts' 2d Mot. to Dismiss, ECF No. 18; Bush 3d Decl., ECF No. 18-1. D.O. Bush avers that Petitioner was removed from the United States to Cameroon on July 25, 2025. Bush 3d Decl. ¶ 6. Due to Petitioner's

---

[1] Respondents previously filed a motion to dismiss based on prematurity (ECF No. 4). Since Respondents filed a subsequent motion to dismiss based on mootness and the Court is recommending granting that motion to dismiss, Respondents' initial motion to dismiss is terminated as moot. Petitioner also filed a motion for leave to supplement the record (ECF No. 9). That motion is granted and the documents submitted by Petitioner have been considered in this Recommendation.

removal, Respondents move to dismiss his petition as moot. Resp'ts' 2nd Mot. to Dismiss 1-2. As explained below, the Court recommends that Respondents' second motion to dismiss be granted.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242-43 (11th Cir. 2002) (citing U.S. Const. art. III, § 2, and finding appeal moot where petitioner was removed from the United States). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (internal quotation marks omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. Pet. 8, ECF No. 1. Petitioner was removed from the country to Cameroon and appears to no longer be in Respondents' custody. Resp'ts' 2d Mot. to Dismiss 1-2; Bush 3d Decl. ¶¶ 5-6. Petitioner did not respond to the second motion to dismiss.[2] Because Petitioner is no longer in Respondents' custody, the Court can no longer give Petitioner any meaningful relief, the case is moot, and "dismissal is required because

---

[2] The Court sent notice (ECF No. 19) to Petitioner of his right to respond to Respondents' second motion to dismiss, but Petitioner did not respond. The Court has no other address for Petitioner.

mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

It is therefore **RECOMMENDED** that Respondents' second motion to dismiss (ECF No. 18) be **GRANTED** and Petitioner's application for habeas corpus relief (ECF No. 1) be **DISMISSED as moot**. Petitioner's motion for leave to supplement the record (ECF No. 9) is **GRANTED** and Respondents' first motion to dismiss (ECF No. 4) is **TERMINATED as moot**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 16th day of September, 2025.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE